IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOHN B. KIMBLE,** | * |
| *Plaintiff*, | * |
| v. | *   Case No.: RWT 11cv1457 |
| **RAJESH K. RAJPAL,** *et al.*, | * |
| *Defendants*. | * |

## MEMORANDUM OPINION

Pending before the Court is Defendants' Motion to Dismiss or, in the alternative, Motion to Strike. Upon review of the papers filed, the Court grants Defendants' Motion to Dismiss because Plaintiff failed to meet the condition precedent to filing a malpractice lawsuit as required by Maryland law.

## I. Background

On April 14, 1999, Rajesh K. Rajpal M.D. ("Dr. Rajpal") performed Lasik surgery on Plaintiff John B. Kimble ("Plaintiff"), a resident of Maryland, at the See Clearly Vision center in McLean, VA. *See* Compl. ¶ 6, May 27, 2011, ECF No. 1. Plaintiff alleges that at a pre-surgery consultation when he signed the release form, he was only informed that "dry eyes" were a potential side effect, and was not alerted to a condition known as ectasia. *Id*.

Plaintiff asserts that approximately two to three years after the surgery he began to experience difficulty with vision in his left eye. *Id*. Between 2004 and 2008, Plaintiff visited Dr. Rajpal on "many" occasions at the See Clearly Vision center in Rockville, MD to complain of this difficulty. *Id*. At these appointments, corneal topographies were taken of Plaintiff's eyes.

Compl. ¶ 7.  Plaintiff emphasizes that the topography reports indicated "Suspect Keratoconus," but alleges that Dr. Rajpal did not alert him to this condition.  *Id.*

On May 29, 2008, Dr. Rajpal informed Plaintiff that he had corneal ectasia in the left eye. *Id.*  Plaintiff alleges that ectasia has the same effect of keratoconus—astigmatism of the eye that is very difficult to treat and irreversible once developed.  Compl. ¶ 8.  Plaintiff claims he visited a specialist in New Jersey who informed him that had he been notified of this condition prior to 2008, the ectasia could have been slowed or stopped.  *Id.*  Plaintiff asserts that he is disabled because of his troubled vision and this disability has caused him and his family mental and emotional distress and economic loss.  Compl. ¶ 14.

On May 27, 2011, Plaintiff initiated a lawsuit against Dr. Rajpal and See Clearly Vision of Rockville, LLC, MD.  Compl. ¶ 2.  Plaintiff properly served Dr. Rajpal in McLean, VA, and the resident agent of See Clearly Vision of Rockville, LLC in Monrovia, MD.  *See* Summons 1, 3, May 31, 2011, ECF No. 3-2.  Plaintiff alleges: 1) negligence and malpractice; 2) breach of informed consent; and 3) common law fraud and misrepresentation of the facts.  Compl. ¶¶ 16-20, 23-24, 29.  Plaintiff seeks actual, compensatory, and punitive damages no less than $3 million dollars, lifetime care for his impaired vision, and a requirement that Defendants inform all their prospective patients of the potential side effect of ectasia.  Compl. 9-10.

On September 14, 2011, Defendants filed a Motion to Dismiss arguing Plaintiff failed to establish complete diversity of parties and failed to meet the condition precedent of the Maryland Health Care Malpractice Claims Act ("HCMCA").  *See* Defs.' Mot. to Dismiss, Sept. 14, 2011, Ex. 1 at 2, 4, ECF No. 3-1.  On September 30, 2011, Plaintiff responded and asked the Court to allow for an "interlineation or substitution" of parties to cure lack of complete diversity, and denied HCMCA applies in federal court.  *See* Opp'n to Mot. to Dismiss 2, Sept. 30, 2011, ECF

No. 6. The matter is fully briefed and ready for adjudication.

## II. Discussion

A. The Court does not have enough information to dismiss this action for lack of subject matter jurisdiction.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges whether the court has subject matter jurisdiction to adjudicate a plaintiff's claims. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A court has subject matter jurisdiction only over matters where the amount in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a). "The presence of a defendant who is a citizen of the same state as the plaintiff destroys complete diversity and, therefore, federal jurisdiction." *Hardaway v. Checkers Drive-in Restaurants, Inc.*, No. 12-1213, 2012 WL 2337355, at *1 (4th Cir. June 20, 2012) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)); *see also Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) ("It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other.") (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

A limited liability company's citizenship for purposes of diversity jurisdiction is determined by the citizenship of all of its members. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *General Tech. Applications, Inc. v. Exro LTDA*, 388 F.3d 114, 120 (4th Cir. 2004). In the present case, if one accepts the facts in the Complaint as true,[1] the Court does not have enough information to determine whether there is diversity of citizenship because the pleadings do not allege the citizenship of each See Clearly Vision LLC of Rockville members.

---

[1] *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 546 (4th Cir. 2001) (holding that under Rule 12(b), "we assume the facts alleged in the complaint are true.")

Plaintiff's belated attempt to substitute See Clearly Vision Group LLC, a Delaware limited liability company, for the current and potentially non-diverse Defendant—See Clearly Vision of Rockville, LLC—will not change this Court's analysis.[2]  This is because the citizenship of each the members in See Clearly Vision Group LLC—the Delaware limited liability company—is unknown.[3]

Perhaps, Plaintiff's pleadings can be liberally construed as a request for this Court to dismiss the potentially non-diverse Defendant—See Clearly Vision of Rockville, LLC.[4]  *See* Opp'n to Mot. to Dismiss 1-2, Sept. 30, 2011, ECF No. 6.  Under Rule 21, the Court "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party" provided that this party is a dispensable one. *See* Fed. R. Civ. P. 21.  In other words, the Court could dismiss

---

[2] In his opposition motion, Plaintiff asserts that he made a "typographical error on the Complaint in regards to Defendant See Clearly Vision LLC [of Rockville]." *See* Opp'n to Mot. to Dismiss 1, Sept. 30, 2011, ECF No. 6.  Specifically, Plaintiff meant to serve See Clearly Vision Group LLC, a Delaware limited liability company, rather than See Clearly Vision of Rockville, LLC, a Maryland limited liability company. *See id.*

[3] Corporations are citizens of both the states where their principle place of business is located and where they are incorporated. *See* 28 U.S.C. § 1332(c)(1).  Plaintiff opines that he might have meant to file suit against the now defunct Washington Laser Eye Center P.C., a Maryland Corporation with its primary place of business in Virginia. *See* Opp'n to Mot. to Dismiss at 1-2, Sept. 30, 2011, ECF No. 6.  He asks this Court to substitute Washington Laser Eye Center P.C. for the current and potentially non-diverse Defendant, See Clearly Vision of Rockville, LLC. *Id.* This substitution would destroy diversity because Washington Laser Eye Center P.C is a citizen of Maryland by virtue of being incorporated in Maryland.

The fact that Washington Laser Eye Center P.C is now dissolved does not change the analysis even though Maryland law states that a forfeited corporation lacks any capacity to be sued. *See* Md. Code Ann. Corps & Ass'ns § 3–503.  This is because Maryland law is equally clear that directors/trustees can be sued in their own names, or in the name of the corporation and that courts look to the citizenship of the corporation, not the directors/trustees for determination of diversity jurisdiction. *See Clevenger v. Baltimore American Mortg. Corp.*, No JFM 10-1751, 2010 WL 4285214 at *3 (D. Md. October 29, 2010).

[4] *See United States v. Garcia*, 65 F.3d 17, 19 (4th Cir.1995) (interpreting *pro se* litigation efforts liberally)

a non-diverse dispensable defendant to establish diversity.  *See Newman-Green, Inc. v. Alfonzo-Larrain* 490 U.S. 826, 832 (1989) (investing a district court "with authority to allow a dispensable non-diverse party to be dropped at any time."); *Koehler v. Dodwell*, 152 F.3d 304, 308 (4th Cir. 1998) (recognizing that "a [dispensable] party . . . whose presence deprives the court of jurisdiction may be dropped or severed from the action.").  In a multi-defendant case, courts have found a defendant to be dispensable if defendants are joint tortfeasors.  *See Cooper v. Bikle*, 334 Md. 608, 619-20 (1994).  However, to determine whether defendants can be classified as joint tortfeasors, courts must evaluate whether each defendant is a proximate cause of a single injury.  *See Westfarm Associates Ltd. P'ship v. Washington Suburban Sanitary Comm'n*, 66 F.3d 669, 687 (4th Cir. 1995) (stating that two defendants may be found jointly liable if each defendant is determined to be the proximate cause of the single injury).

The instant action implicates a medical malpractice claim against two separate but related health care providers: Dr. Rajesh K. Rajpal of Virginia and See Clearly Vision of Rockville, LLC.  The Court, however, lacks enough information to determine whether See Clearly Vision of Rockville, LLC is a joint tortfeasor and thus, dispensable.  Accordingly, the Court will not dismiss the instant case for lack of subject matter jurisdiction.

<u>B.  The Court will dismiss the case because Plaintiff failed to allege that he satisfied the Maryland Health Care Malpractice Claims Act (HCMCA)'s condition precedent.</u>

Plaintiff's more fundamental problem is that he failed to satisfy the Maryland HCMCA condition precedent to filing a medical malpractice lawsuit.  *See Safadi v. Howard*, 466 F. Supp. 2d 696, 700 (E.D. Va. 2006) (finding that even assuming subject matter jurisdiction existed, plaintiff's claim was statutorily barred); *Jobbers Warehouse Service, Inc. v. Maremont Corp.*, 453 F. Supp. 840, 841-42 (D. Mass 1978) (holding that even assuming subject matter

jurisdiction, the case is dismissed on other grounds—a defective complaint).

*1. Because the last event giving rise to the tort occurred in Maryland, Maryland law governs Plaintiff's claims.*

A federal district court sitting in diversity applies the substantive law of the state in which it sits. *See Erie R. Co. v. Tompkins,* 304 U.S. 64, 78–79 (1938). As part of that principle, the federal court must also apply the forum state's choice of law principles. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941). In tort cases, Maryland adheres to the *lex loci delicti* choice of law principle. *See Erie Insurance Exchange v. Heffernan*, 399 Md. 598, 620 (2007). *Lex loci delicti* provides, "where the events giving rise to a tort action occur in more than one State, we apply the law of the State where the injury—the last event required to constitute the tort—occurred." *Lab Corpo. of Am. v. Hood*, 911 A.2d 841, 845 (Md. 2006) (determining that under *lex loci delicti*, Maryland law applies even though a North Carolina laboratory was at fault, because the baby's birth in Maryland was the final event that completed the injury).

Here, Maryland law applies because Plaintiff alleges that the last event giving rise to his tort claim occurred in Maryland during his post-surgery appointments.[5] In *Hood*, although the

---

[5] Even if the last event giving rise to Plaintiff's injury occurred in Virginia, the outcome would be the same. The Virginia Medical Malpractice Act ("VMMA"), Va.Code §§ 8.01-581.1, requires that a party filing a medical malpractice suit first obtain an expert certification before serving the defendant. Va. Code § 8.01-20.1; *see also Parker v. United States*, 475 F. Supp. 2d 594, 596 (E.D. Va. 2007) *aff'd*, 251 F. App'x 818 (4th Cir. 2007). Failure to meet the expert certification requirement provides a court grounds for dismissal. *See* Va.Code § 8.01-20.1 ("[i]f the plaintiff did not obtain a necessary certifying expert opinion at the time the plaintiff requested service of process . . . the court . . . may dismiss the case with prejudice."); *see also Bell v. United States*, 4:11CV60, 2011 WL 3734458, at *2 (E.D. Va. Aug. 24, 2011) (affirming that under Virginia law, a case will be dismissed for a plaintiff's failure to comply with the expert certification requirement of the VMMA). The VMMA provides an exception to the certification requirement if the "plaintiff, in good faith, alleges a medical malpractice action that asserts a theory of liability where expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience." Va.Code § 8.01-20.1. However, the Supreme Court of Virginia narrowly preserves this exception for only "rare instances." *See Beverly Enterprises-Virginia v. Nichols*, 247 Va. 264

laboratory was located in North Carolina and the laboratory conducted and completed its research in North Carolina, the court held that the final event giving rise to the tort was the birth of the child in Maryland, and therefore applied Maryland law. 911 A.2d at 844. While Plaintiff's surgery took place in Virginia, Plaintiff had "many" follow-up appointments at Defendants' Rockville, MD office. Compl. ¶ 6, ECF No. 1. Plaintiff's claim encompasses the entire course of treatment, and is not specific to the surgery. *Id.* Therefore, the last event constituting Plaintiff's injury occurred in Maryland during his post-surgery appointments. *Id.* Accordingly, this Court must apply Maryland substantive law. *See Erie*, 304 U.S. at 78-79.

*2. Plaintiff did not allege that he met Maryland's HCMCA condition precedents prior to filing suit.*

Maryland's HCMCA establishes requirements that must be met before filing a lawsuit for medical malpractice. *See Davison v. Sinai Hosp. of Baltimore, Inc.*, 617 F.2d 361, 362 (4th Cir. 1980) (stating that HCMCA precludes bringing a malpractice suit without first complying with HCMCA requirements). HCMCA requires that before filing a lawsuit, a putative plaintiff must file the claim with the Director of the Maryland Health Claims Alternative Dispute Resolution Office ("Office"), Md. Code Ann., Cts. & Proc. § 3-2A-04(a)(1)(i); and within ninety (90) days of filing the claim, provide the Office with a certificate of a qualified expert, *id.* § 3-2A-04(b)(1)(i). The certificate must attest to the alleged departure from the standard of care and demonstrate that the departure from the standard was a proximate cause of the alleged injury. *Id.*

A medical malpractice lawsuit filed in either state or federal court that fails to first meet the conditions of HCMCA "shall be dismissed, without prejudice." *Id.*; *see Willever v. United States*, 775 F. Supp. 2d 771, 784 (D. Md. 2011) ("Conditions precedent are not waivable because

---

(1994). Here, Plaintiff has not alleged compliance with the VMMA's expert certification requirement, and has not alleged acts of negligence that are within a factfinder's common knowledge or experience. *See Parker*, 475 F. Supp. 2d at 596-97.

they are so fundamental to a plaintiff's right to bring a cause of action in the first instance.  If a plaintiff fails to comply with HCMCA's expert certificate and report requirements, his case *must* be dismissed without prejudice.") (*emphasis* in original) (citing *Carroll v. Konits*, 400 Md. 167, 929 A.2d 19, 28 n.12 (2007));  *Hampel v. United States*, 706 F. Supp. 2d 629, 631 (D. Md. 2010) (dismissing Plaintiff's claim for failure to comply with HCMCA requirements).  Complying with HCMCA's requirements is "not merely a procedural rule, but is a condition precedent to bringing a medical malpractice lawsuit."  *Willever*, 775 F. Supp. 2d at 777.  "[A] plaintiff *cannot litigate his case at all* if he does not comply with HCMCA."  *Id.* at 785 (*emphasis* in original).

In *Willever,* plaintiffs filed a medical malpractice action under the Federal Tort Claims Act (FTCA) against the United States, and appropriately filed a certificate and report with the Office as required by HCMCA.  *Id.* at 776.  The issue the Court addressed was whether the defendants were also required to file a certificate and report.  *Id.* at 777.  The Court clearly distinguished that a plaintiff's compliance with HCMCA before filing a medical malpractice lawsuit is a condition precedent, whereas a defendant's compliance is not a condition precedent.  *Id.* at 784.  Here, Plaintiff failed to allege that he adhered to the requirements of HCMCA.  Therefore, this Court dismisses Plaintiff's suit without prejudice.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss will be granted.  A separate Order follows.

Date:  August 8, 2012                                                   /s/
                                                                    ROGER W. TITUS
                                                          UNITED STATES DISTRICT JUDGE